# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eagle Trading USA, LLC<br><br>      Plaintiff,<br><br>v.<br><br>Crownwell, LLC d/b/a Squat-N-Go<br><br>      Defendant. | **COMPLAINT**<br><br>(Jury Trial Demanded) |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND FOR MONETARY DAMAGES WITH DEMAND FOR JURY TRIAL

Plaintiff Eagle Trading USA LLC, LLC ("Eagle" or "Plaintiff) complains and alleges against Defendant Crownwell, LLC ("Defendants") as follows:

### PARTIES

1.  Plaintiff Eagle Trading USA, LLC is a Delaware company having its principal place of business at 2424 E. York St. Ste. 300, Philadelphia, PA, 19125.

2.  Defendant Crownwell LLC, doing business under the trade name Squat-N-Go ("SNG"), is a California corporation having its principal place of business in 5792 West Jefferson Blvd, Los Angeles, CA 90016.

### JURISDICTION AND VENUE

3.  This is a declaratory judgment action brought by Plaintiff pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaration that Plaintiff does not infringe U.S. Patent Nos. D807,069 ("the '069 Patent"), D801095S1 ("the '095 Patent"), and D807089 ("the 089

Patent") (collectively "the "SNG Patents") (attached hereto as Exhibit A), that the claims of the SNG  Patents are invalid—particularly those of the '095 Patent—and/or that said patents are unenforceable.  Defendant Crownwell LLC, d/b/a Squat-N-Go, is the assignee of the SNG patents.

4.  Plaintiff also seeks monetary damages arising from Defendant SNG's violation of the Lanham Act, tortious interference with business relations, unfair competition, commercial disparagement, and defamation, as set forth below.

5.  As the owner of the SNG Patents, Defendant SNG has raised a reasonable apprehension of the filing of a lawsuit against Plaintiff, resulting in the establishment of a case or controversy between the parties relating to at least the '069 Patent as set forth below. Accordingly, this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271,281, and 283-85.

6.  This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

7.  On information and belief, Defendant SNG does business within the State of New York by contracting to supply and/or actually supplying goods and/or services within the State of New York, either directly or through subsidiaries, distributors or other intermediaries.

8.  This Court may exercise personal jurisdiction over SNG because it transacted business within this State, and this action arises out of that business.  Specifically, the main harm (submitting a false patent infringement to Amazon with respect to Plaintiff's product) occurred on Amazon's interactive website, by which Defendant actively facilitates marketing and sales to as many consumers as possible in direct competition with Plaintiff, including those within this

jurisdiction.  Accordingly, Defendant expects or should expect its actions to have consequences in this jurisdiction and derived substantial revenue from interstate or international commerce. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## BACKGROUND

9.   Plaintiff Eagle is based in Philadelphia, PA.  Eagle markets and sells a line of consumer goods, including a "Toilet Stool" on Amazon and other e-commerce platforms under the brand name Evron.  (See Exhibit B.)  This toilet stool is protected by U.S. Patent No. D801063 ("the '063 Patent"), which is presumed valid under 35 U.S.C. 282(a), and which exactly embodies Eagle's toilet stool ("the accused product").

10. Defendant SNG is based in Los Angeles.  SNG is a direct competitor of Evron, marketing its own toilet stool on Amazon under the brand name Squat-N-Go.  (Exhibit C.)

11. Plaintiff Eagle and Defendant SNG are in the same field of business and directly compete for the same customers. This includes competition for customers within the United States.

12. SNG asserts, as shown below, that the Evron toilet stool infringes The SNG Patents, specifically the '069 Patent.

13. On August 9, 2018, Defendant's principal Ben Zioni sent an email to Plaintiff Eagle (attached hereto as Exhibit D) alleging that the Evron toilet stool infringes at least the '069 Patent.  In addition to suing Eagle for patent infringement, Mr. Zioni threatened to seek "personal judgements" against Eagle's attorneys, Xiyan Zhang and Pete Wolfgram. SNG also threatened to file a suit against "Ameriway Leasing, LLC," a furniture leasing company that has absolutely no connection to this matter.

> "As the record shows this will be our second attempt to have you complete cease and removal of our patent you are infringing on US-d807069s [sic]…We have 2

more patents associated with The this [sic] item that will pursue you on once we get to court [sic] Another cease letter will follow soon if the complete removal of your listing will not commence immediately on your site and amazon.com [sic] We will be pursuing damages of excess sums of $250,000.00 US dollars for damages in sales lost attorney fees market consumer confusion and patent infringement. We will be filing judgments against EVRON LLC. Judgements against Ameriway leasing. As well as personal judgments against Pete Wolfgram…Xiyan Zhang."

(EX. D.)

14. On August 9, 2018, minutes after sending the email, Mr. Ben Zioni called Eagle's attorney, Xiyan Zhang, reasserting the threats of imminent litigation mentioned above, and stating that SNG *had already informed Amazon that the Evron toilet stool infringed the '069 Patent, and requested that Amazon remove the Evron toilet stool from its website immediately.*

15. On information and belief, Amazon may choose to remove the infringing product from the Amazon website and terminate its business relationship with a particular seller based on such infringement allegation. Removing a seller's product from the Amazon website is catastrophic for business, given Amazon's prominence in the e-commerce market.

16. Ben Zioni informed Eagle's attorney, Xiyan Zhang, that he had already filed a report with Amazon, alleging that the Evron Toilet Stool infringed at least the '069 Patent.

17. Marketing and selling the toilet stool on Amazon's website is vital to Evron's business. Ben Zioni's actions thus pose an imminent danger to Eagle's business—a substantial portion of which is derived from the Amazon listing—even though it is currently unclear whether Amazon will remove Evron's toilet stool from its website based on Mr. Zioni's infringement report. On information and belief, Amazon conducts an independent

infringement analysis and only informs sellers of accused products that their listings have been removed after the fact.

18. In response to Mr. Zioni's threats, Eagle's counsel, Mr. Wolfgram, sent a letter to Mr. Zioni stating that SNG's claims were objectively baseless; and, the filing of the false patent infringement report with Amazon constituted defamation, commercial disparagement, tortious interference with business relations, and unfair business competition.  Mr. Wolfgram also notified SNG that, in light of the threat of imminent litigation and SNG's efforts to remove the Evron product from Amazon, Evron would be seeking a Declaratory Judgment that the Evron toilet stool does not infringe any of SNG's patents.  (EX. D.)  To date, SNG has not responded to this letter.

19. Neither Defendant SNG's August 9th email, nor the referenced telephone call, gave any explanation concerning how Evron's product may infringe the '069 Patent.  Nor did SNG discuss any infringement analysis performed by SNG.  Mr. Zioni disregarded Mr. Zhang's assertion that the Evron toilet stool was the exact embodiment of the presumptively valid '063 Patent, and persisted in his threats of litigation despite the clear and obvious differences between the '069 Patent and the Evron toilet stool.

20. On information and belief, SNG submitted a written statement to Amazon containing cursory and conclusory allegations of patent infringement, similar to that in the email above, solely to get Amazon to terminate its business relationship with Eagle.  In short, SNG published false patent infringement claims with Amazon to gain an unfair business advantage and destroy Eagle's business.

21. In light of the cursory and conclusory allegations contained within the Amazon patent infringement report, coupled with the absence of any factual support or analysis, it is

clear that Defendant SNG's allegations were premature, sent without adequate investigation, objectively baseless, wrongful, and meant only to intimidate, oppress, and to interfere with Plaintiff Eagle's business relationship with Amazon, and the customers derived therefrom.

22. That Defendant SNG's claims of patent infringement are baseless is obvious based on a cursory analysis.



| Evron Toilet Stool | Figures from '069 Patent |
|---|---|



23. As illustrated above, every design element in the Evron toilet stool differs from those in the '069 Patent.  Specifically, the Evron product, as embodied by the '063 Patent, is not designed to connect to a plastic bar, unlike the '069 Patent.  Additionally, the top of the Evron stool is in the shape of a foot with a circular hole in the middle, whereas the top of the SNG design has straight sides and rounded ends, without a hole in the middle.  And when viewed from the side, the Evron stool has a sloped top with a wide sloped arch opening, as opposed to the SNG design's flat top and smaller semicircular opening, *which is intentionally designed to accomodate the plastic connecting piece.*  The Evron stool design simply does not have this feature.  These differences are clear and obvious, and would have been apparent with a modicum of investigation.  SNG willfully ignored these facts, persisted in an objectively baseless and unreasonable interpretation of the SNG Patents, which, according to Defendant, would cover the vast majority of foot stools, and published a false patent infringement claim with Amazon prior to consulting with Plaintiff—all with the express purpose of terminating Eagle's business relationship with Amazon in bad faith.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of No Infringement of the SNG Patents

24. Plaintiff Eagle restates, realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff Eagle has not infringed, does not infringe, has not induced others to infringe, and does not contribute to the infringement, directly or indirectly, of any valid claim of the SNG patents.

26. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of no infringement of any claim of the SNG Patents.

WHEREFORE, Plaintiff Eagle prays for judgment as set forth hereinafter.

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment of Invalidity of the Claims of the SNG Patents**

27. Plaintiff Eagle restates, realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The claims of the SNG Patents are invalid for failure to comply with the conditions of patentability set forth in 35 U.S.C. §§ 102 and 103.

29. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of invalidity of each claim of the SNG Patents.

WHEREFORE, Plaintiff Eagle prays for judgment as set forth hereinafter.

**THIRD CLAIM FOR RELIEF**

**Unfair Competition Pursuant to the Lanham Act, 15 U.S.C § 1125(a)(l)**

30. Plaintiff Eagle restates, realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendant SNG's conduct, as described in this Complaint, constitutes unfair competition as set forth in the Lanham Act.

32. On information and belief, in connection with providing in interstate commerce its products and in communicating with Amazon, Defendant SNG made numerous false and/or misleading descriptions and representations of fact regarding the nature, characteristics, or

qualities of Eagle's goods, including but not limited to implying that the Evron toilet stool infringes SNG's patent rights where no such finding has occurred, and implying that the Evron product must be taken off Amazon's website due to the alleged infringement.

33. On information and belief, SNG made similarly damaging communications to other Eagle business partners and/or potential customers.

34. These false and/or misleading descriptions and representations of fact were likely to cause and/or did in fact cause confusion, mistake, and deception as to the infringing nature of Plaintiff Eagle toilet stool, and the potential liability of Amazon in placing Evron product on its website.  Defendant SNG made these false and/or misleading descriptions and representations of fact willfully.

35. As a result and/or consequence of Defendant SNG's false and/or misleading descriptions and representations of fact, Plaintiff Eagle has suffered, is presently suffering, and/or will in the future suffer substantial harm and damage, including but not necessarily limited to injury to its good will and business reputation, loss of customers, loss of potential customers, loss of profits, and/or loss of revenue. In addition, as a result and/or consequence of SNG's false and/or misleading descriptions and representations of fact, Eagle has suffered, is presently suffering, and/or will in the future suffer irreparable harm for which there is no adequate remedy at law.

36. Pursuant to 15 U.S.C. §1l17(a), Plaintiff Eagle is entitled to recover Defendant SNG's potential profits, the damages sustained by Evron, the costs of this action, treble damages, an enhanced sum in lieu of SNG's potential profits, and, because SNG's pattern of willful conduct makes this an exceptional case, reasonable attorney's fees. In addition, Evron is

entitled to such injunctive relief as the Court may find just to prevent irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Plaintiff Eagle prays for judgment as set forth hereinafter.

## FOURTH CLAIM FOR RELIEF

### Tortious Interference with Economic Relations

37. Plaintiff Eagle restates, realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendant SNG's conduct, as described in this Complaint, constitutes tortious interference with Amazon.

39. Plaintiff Eagle has an economic relationship with Amazon. Specifically, Eagle sells its toilet stools on the Amazon website, from which both parties receive an economic benefit.

40. Defendant SNG's false patent infringement report to Amazon constitutes a wrongful, deliberate, willful and intentional interference with the economic relationship between Plaintiff Eagle and Amazon. This includes but is not limited to SNG's allegations that Eagle allegedly infringes the '069 Patent without conducting adequate preliminary investigation or analysis, and SNG's encouragement to Amazon to remove the Evron toilet stool from its website, thereby crippling Eagle's business.

41. Such communication between Defendant SNG and Amazon has proximately caused actual damages to Plaintiff Eagle.

42. Defendant SNG's false patent infringement report letter to Amazon, along with its email dated August 9, 2018 contain claims that are objectively baseless and were sent in bad faith.

43. On information and belief, Defendant SNG has contacted other customers of Plaintiff Eagle, and has also made similar baseless allegations that Eagle is infringing at least the '069 Patent. Such baseless allegations also constitute tortious interference.

WHEREFORE, Plaintiff Eagle prays for judgment as set forth hereinafter.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition

44. Plaintiff Eagle restates, realleges and incorporates by reference the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Defendant SNG's conduct, as described in this Complaint, constitutes unfair competition.

46. In SNG's patent infringement report to Amazon, SNG published false and disparaging information regarding Eagle and Eagle's product in bad faith solely to induce Amazon to remove Eagle's product from its website.  Specifically, the false and misleading statements by SNG include the objectively unreasonable allegation that the Evron toilet stool infringes the '069 Patent, which is contradicted by a cursory analysis.

47. Such false and disparaging statements by SNG to Amazon regarding Eagle and Eagle's toilet stool were made with malice and without privilege.

48. Such communication between Defendant SNG and Amazon has proximately caused actual damages to Plaintiff.

49. Defendant SNG's August 9, 2018 email sent to Plaintiff Eagle, along with its statement of false patent infringement made to Amazon, contain claims that are objectively baseless and were sent in bad faith.

50. On information and belief, Defendant SNG has contacted other customers and potential customers of Plaintiff Eagle other than Amazon, and has made similar baseless allegations that Eagle is infringing the '069 Patent. Such baseless allegations also constitute unfair competition.

WHEREFORE, Plaintiff Eagle prays for judgment as set forth hereinafter.

## SIXTH CLAIM FOR RELIEF

### Defamation

51. Plaintiff Eagle restates, realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Defendant SNG's conduct, as described in this Complaint, constitutes defamation.

53. In SNG's infringement report to Amazon, SNG published false and defamatory information regarding Eagle and Eagle's product.

54. The false and defamatory comments by SNG include but are not limited to the objectively false and unsupported allegations that the Evron toilet stool infringed the '069 Patent.

55. Such false and defamatory statements by SNG regarding Eagle and the Evron toilet stool were made with negligence as to their truth. For example, as discussed above, SNG's August 9th email contained no analysis concerning how the Evron toilet stool may infringe the '069 Patent.

56. In light of the cursory and conclusory allegations contained within SNG's email and infringement allegation, coupled with the absence of any factual support or analysis, it is clear that Defendant SNG's allegations were premature, sent without adequate investigation,

wrongful, and meant only to intimidate, oppress, and to interfere with Plaintiff Eagle's business relationship with Eagle's business partners and customer(s).

57. Such communication between Defendant SNG and Amazon has proximately caused actual damages to Plaintiff Eagle.

58. Defendant SNG's correspondence to Plaintiff Eagle, along with its infringement allegation to Amazon, contain claims that are objectively baseless and were sent in bad faith.

59. On information and belief, Defendant SNG has contacted other customers and potential customers of Plaintiff Eagle other than Amazon, and has made similar baseless allegations that Eagle is infringing the '069 Patent. Such baseless allegations also constitute defamation.

WHEREFORE, Plaintiff Eagle prays for judgment as set forth hereinafter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eagle prays for the following relief:

60. For a declaratory judgment that Plaintiff Eagle's products do not infringe any claim of SNG's Patents, particularly the '069 Patent.

61. For a declaratory judgment that the claims of SNG's patents are invalid;

62. An Order from this Court preliminarily and permanently enjoining Defendant SNG, its agents and servants, and any and all parties acting in concert with any of them from alleging that Plaintiff Eagle infringes any valid claim of the SNG's Patents, particularly the '069 Patent.

63. That this be declared an exceptional case and that Plaintiff Eagle be awarded its attorneys' fees against Defendant SNG pursuant to 35 U.S.C. § 285;

64. Reward Eagle damages for Defendant SNG's unfair competition pursuant to the Lanham Act, including treble damages;

65. Reward Eagle damages for Defendant SNG's tortious interference;

66.   Reward Eagle damages for Defendant SNG's defamation;

67.   Prejudgment and post judgment interest; Costs of suit; and

68.   For such other and further relief as the Court in its discretion deems appropriate.


## <u>JURY DEMAND</u>

Plaintiff Eagle hereby demands a trial by jury on all issues triable to a jury as a matter of right.


Dated: 8/15/18

Xiyan Zhang (Admitted in New York)
Stratum Law LLC
150 Monument Road Ste. 207
Bala Cynwyd, PA 19004
Telephone: (215) 621-8008 (ext. 102)
Email: xzhang@stratumlaw.com


Peter Wolfgram (Pro Hac Vice to be filed)
Stratum Law LLC
150 Monument Road Ste. 207
Bala Cynwyd, PA 19004
Telephone: (215) 621-8008 (ext. 103)
Email: pwolfgram@stratumlaw.com

*Attorneys for Plaintiff Eagle Trading USA, LLC*