UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EAGLE TRADING USA, LLC,

                    Plaintiff,                    18-cv-7393 (PKC)

      -against-                    OPINION AND ORDER

CROWNWELL, LLC d/b/a SQUAT-N-GO,

                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Eagle Trading USA, LLC ("Eagle") moves for the entry of default judgment against defendant Crownwell, LLC, doing business as "Squat-N-Go" ("Crownwell"). Eagle seeks no award of damages, but moves for an award of attorneys' fees totaling $17,450. For reasons that will be explained, the motion for entry of default judgment as to liability is granted. Eagle's application for attorneys' fees is denied.

PROCEDURAL HISTORY.

        Eagle commenced this action on August 15, 2018. (Docket # 1.) It filed an affidavit of service stating that on August 17, 2018, service was made personally through Jennifer Hulsey, the receptionist of defendant Crownwell, at 5792 West Jefferson Boulevard in Los Angeles, California. (Docket # 8.)

        No party appeared at the initial pretrial conference scheduled for October 16, 2018, and the Court adjourned the conference to January 4, 2019. (Docket # 16.) In an Order, the Court noted that a Certificate of Default had issued against Crownwell, and directed Eagle to file a motion for entry of default judgment by November 6, 2018. (Id.) The Clerk rejected

Eagle's first two attempts to file motions for entry of default judgment based on counsel's technical errors. (Docket # 11, 18.)

No party appeared on the adjourned date of the initial pretrial conference, January 4, 2019. (Docket # 19.) On January 8, 2019, the Court noted the parties' failure to appear, and directed Eagle to show cause in writing why the action ought not be dismissed for failure to prosecute. (Docket # 19.) On January 14, 2019, Eagle successfully re-filed its motion for entry of default judgment. (Docket # 20.)

Eagle also submitted a memorandum in response to the Court's Order, explaining that it erred in its understanding of the status of this action. (Docket # 22.) Eagle explained that its mistake was made in good faith and that Crownwell was not prejudiced by Eagle's failure to appear at the pretrial conferences, given that Crownwell has not appeared in this action. (Id.) Considering Eagle's response and its eventual (and now pending) motion for entry of default judgment, the Court concludes that dismissal of the action for failure to prosecute is not warranted.

THE MOTION IS GRANTED AS TO LIABILITY.

Eagle and Crownwell both sell toilet stools through Amazon.com. (Compl't ¶¶ 9-10.) According to Eagle, they directly compete for customers. (Compl't ¶ 11.) Eagle states that its toilet stool is protected by U.S. Patent No. D801063. (Compl't ¶ 9.) Crownwell has three patents for its toilet stool, which is marketed under the product name "Squat-N-Go," and Crownwell has sent e-mails to Eagle threatening to bring patent-infringement claims directed toward Eagle's toilet stool. (Compl't ¶¶ 3, 12-14.) According to Eagle, Crownwell also filed a false report to Amazon claiming that Eagle had infringed Crownwell's patents. (Compl't ¶¶ 16.)

Eagle alleges that selling its products on Amazon is "vital" to its business. (Compl't ¶ 17.) Eagle alleges that in follow-up communications, Crownwell has failed to explain the basis for its assertion that Eagle had infringed its patents. (Compl't ¶ 19.) In an affirmation of December 6, 2018, Eagle's counsel notes that Amazon has not withdrawn Eagle's products from sale, and that it is unclear whether Amazon will do so in the future. (Zhang Aff. ¶ 48.)

The Complaint brings six causes of action. It seeks a declaratory judgment that Eagle has not infringed Crownwell's patents; declaratory judgment that Crownwell's own patents are invalid; a claim of unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1); and common law claims of tortious interference with economic relations, unfair competition and defamation. (Compl't ¶¶ 24-59.)

This Court has federal question jurisdiction over this case based on Eagle's claims under the Lanham Act and the Patent Act. The Complaint invokes supplemental jurisdiction over Eagle's state law claims. (Compl't ¶ 6.) Since process was served in this action on or about August 17, 2018, Crownwell has not answered or appeared. The Clerk entered a Certificate of Default against Crownwell on September 17, 2018. (Docket # 15.) Eagle has submitted documentary evidence to substantiate its claims, including its correspondence with Crownwell. "It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997).

The Court notes that Eagle has made only a limited showing of New York's personal jurisdiction over defendant Crownwell, a California corporation with its principal place of business in California. Eagle urges that this Court has personal jurisdiction because

Crownwell does business in New York based on the sales that it makes through the Amazon website. (Zhang Aff. ¶¶ 28-32.) The Court declines to reach the question of personal jurisdiction. To the extent that the record leaves some room for doubt as to New York's personal jurisdiction over Crownwell, "[a] non-appearing defendant does not, by defaulting, forfeit its right to challenge any ensuing default judgment for lack of personal jurisdiction." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 139 (2d Cir. 2011). "'A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.'" Id. (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie dex Bauxites de Guinee, 456 U.S. 694, 706 (1982)). Thus, the entry of default judgment against Crownwell does not preclude Crownwell from challenging the issue of personal jurisdiction in the future, should Crownwell elect to do so.

The Court therefore concludes that default judgment is appropriately entered against Crownwell as to liability.

THE MOTION IS DENIED AS TO ATTORNEYS' FEES.

Eagle does not seek compensatory damages, but moves for an award of attorneys' fees and costs in the total amount of $17,450. The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2164 (2015) (quotation marks omitted).

Eagle urges that it is entitled to attorneys' fees on its patent claims pursuant to 35 U.S.C. § 285, which states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." It separately urges that it is entitled to attorneys' fees under New York law pursuant to 22 N.Y.C.R.R. 130-1.1(a), which provides for "reimbursement for actual

expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part."

Eagle has not demonstrated that this is an "exceptional case" that warrants attorneys' fees under section 285 of the Patent Act. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "[T]he determination whether a case is 'exceptional' under § 285 is a matter of discretion." Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 572 U.S. 559, 563 (2014). "[I]n determining whether to award fees under a similar provision in the Copyright Act, district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Octane Fitness, 572 U.S. at 554 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

Here, the record includes correspondence in which Crownwell suggested "that each party goes its own way, with a mutual release." (Docket # 21-4 at 3.) Eagle acknowledges that Amazon has never withdrawn the sales availability of Eagle's products as a result of Crownwell's assertions of patent infringement. (Zhang Aff. ¶ 48.) As was its right, Eagle elected to continue with this action after Crownwell's suggestion of a mutual release. Given this record, the Court does not conclude that Crownwell's conduct has been so frivolous or objectively unreasonable that a fees award would be appropriate under section 285, nor does the record support a finding that fees would advance considerations of compensation and deterrence. Octane Fitness, 572 U.S. at 554 n.6.

Eagle has not demonstrated that a fees award is warranted under 22 N.Y.C.R.R. 130-1.1(a). Fee-shifting laws are substantive, and where claims are premised on diversity jurisdiction, state fee-shifting laws apply. Asesores y Consejeros Aconsec CIA, S.A. v. Glob. Emerging Markets N. Am., Inc., 881 F. Supp. 2d 554, 555 (S.D.N.Y. 2012) (Cedarbuam, J.) (citing Lewis v. S.L. & E., Inc., 629 F.2d 764, 773 n. 21 (2d Cir. 1980)). Here, Eagle's state law claims invoke supplemental jurisdiction, not diversity jurisdiction, and it has not explained why Rule 130-1.1 applies. Even if it does, Rule 130-1.1 allows for fee-shifting at the Court's discretion where a defendant's conduct is frivolous, meaning that a party's conduct "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," " is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or . . . asserts material factual statements that are false." 22 N.Y.C.R.R. 130-1.1(c). Eagle urges that Crownwell acted frivolously by falsely telling Amazon that Eagle sold and marketed an infringing product, and by maintaining that Eagle was liable for patent infringement after the commencement of this action. (Zhang Aff. ¶ 61.) But Rule 130-1.1 is principally directed toward sanctionable conduct undertaken by attorneys or parties in the course of litigation. See generally Levy v. Carol Mgmt. Corp., 260 A.D.2d 27, 33-34 (1st Dep't 1999). At most, Eagle has described what it views as meritless assertions advanced by Crownwell to Amazon, but it has not identified conduct the warrants sanctions under Rule 130-1.1.

Eagle's application for a fees award is therefore denied.

CONCLUSION.

Plaintiff's motion for entry of default judgment is granted as to liability; its claim for attorneys' fees is denied, and no other damages are sought. The Clerk is directed to terminate

the motion, and the plaintiff's separately-gaveled motion of January 14, 2019. (Docket # 20, 22.)

The Clerk is directed to enter judgment for the plaintiff and close the case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
 March 25, 2019